1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                            EASTERN DISTRICT OF CALIFORNIA

10

11    TERRY NELSON,                                No. 2:23-cv-02756-DJC-CSK

12                    Plaintiff,

13            v.

14    PENSKE LOGISTICS LLC,

15                    Defendant.

16    JAMES MILAM,                                  No. 2:24-cv-01944-DJC-CSK

17                    Plaintiff,

18            v.                                     ORDER

19    PENSKE LOGISTICS LLC,

20                    Defendant.

21

22            Both *Nelson v. Penske*, No. 2:23-cv-02756-DJC-CSK, and *Milam v. Penske*, No.

23    2:24-cv-01944, are actions, brought individually and on behalf of a putative class,

24    concerning wage and hour claims against Defendant Penske Logistics LLC.  Presently

25    before the Court is a Motion to Dismiss or Stay filed in the *Milam* action (Mot. to

26    Dismiss (*Milam* ECF No. 36)) filed by Defendant Penske and a Motion to Consolidate

27    the *Milam* and *Nelson* actions (Mot. to Consolidate (*Milam* ECF No. 40, *Nelson* ECF

28    No. 23)), filed in both actions by Plaintiff James Milam.  Both motions seek to resolve

                                              1

the fact that these actions are largely duplicative, though the motions propose different solutions.

For the reasons stated below, the Court grants in part and denies in part Defendant's Motion to Dismiss or Stay and denies Plaintiff Milam's Motion to Consolidate.

## I.     Background

Plaintiff Terry Nelson filed a class action complaint against Defendant Penske on November 27, 2023.  The current operative complaint is the First Amended Complaint ("FAC") filed on January 22, 2024.  (*Nelson* FAC (ECF No. 13).)  In the FAC, Plaintiff Nelson claims that Defendant Penske had required workers at its to work "off-the-clock" before their shifts, failed to reimburse employees for the purchase of steel-toed boots, failed to accurately calculate regular rates of pay by omitting bonuses in the calculation of regular rate of pay, failed to prove proper meal and rest breaks based on the implementation of computerized systems, failed to accurate wage statements based on the above, did pay money owed on termination of employment, and did not comply with California quota laws.  (*See id.*)

Plaintiff James Milam initiated the *Milam* action against Defendant on January 26, 2024, in the District Court for the Northern District of California.  (*Milam* Compl. (ECF No. 1).)  The allegations in that complaint cover most of the same allegations in the *Nelson* FAC, including that Defendant Penske's employees were required to perform work "off-the-clock" for which they were not compensated, did not receive full meal and rest breaks, received inaccurate wage statements based on the above, were not paid money owed on termination.  (See *id.*)  Plaintiff Milam also includes a separate but related claim that Defendant Penske failed to maintain business records, as well as a claim under the UCL, which Plaintiff Nelson does not include in the *Nelson* FAC.  (*see id.*)

After the *Milam* action was transferred from the Northern District, Defendant moved to dismiss or stay that action, which is now fully briefed.  (Mot. to Dismiss;

2

1   Opp'n re:Mot. to Dismiss (*Milam* ECF No. 39); Reply re:Mot. to Dismiss (*Milam* ECF
2   No. 42).)  Plaintiff Milam subsequently filed a counter motion to consolidate the
3   *Nelson* and *Milam* actions which both Defendant Penske and Plaintiff Nelson
4   opposed.  (Mot. to Consolidate; Nelson Opp'n re:Mot. to Consolidate (*Nelson* ECF
5   No. 25); Penske Opp'n re:Mot. to Consolidate (*Nelson* ECF No. 24; *Milam* ECF No.
6   43); Reply re:Mot. to Consolidate (*Nelson* ECF No. 23; *Milam* ECF No. 44).)

7       **II.    Discussion**

8           Plaintiff Nelson, Plaintiff Milam, and Defendant Penske agree that the *Nelson*
9   and *Milam* actions are largely duplicative.  (Mot. to Consolidate at 1 ("[the] respective
10   actions assert almost identical claims under the California Labor Code"); Mot. to
11   Dismiss at 11; Nelson Opp'n re:Mot. to Consolidate at 3–4.)  On review, the Court
12   confirms that the two actions are duplicative as the *Milam* action includes the claims
13   raised in the *Nelson* action.  The only claims in the *Milam* actions that are not present
14   in the *Nelson* action are a claim that Defendant failed to maintain accurate records –
15   which appears subordinate to Plaintiff Milam's main claims – and the UCL claim that
16   can only be plead in the alternative.  The relief sought in both actions is the same and
17   the defendant and class are also the same.[1]  *See Adams v. Cal. Dep't of Health Servs.*,
18   487 F.3d 684, 689 (9th Cir. 2007).  There also is no dispute that the *Nelson* action is
19   the earlier filed of the two cases.

20           To resolve the duplicative actions, Plaintiff Milam requests that the Court
21   consolidate the actions.  Defendant Penske and Plaintiff Nelson oppose that request.
22   Defendant Penske suggests that the Court should dismiss or stay Plaintiff Milam's
23   action instead.

---

24   [1] When determining whether class actions are duplicative, courts look to the whether the classes are the
25   same, not whether the named plaintiffs are the same.  *See Weinstein v. Metlife, Inc*., No. 06-cv-04444-SI,
     2006 WL 3201045, at *4 (N.D. Cal. Nov. 6, 2006).  Additionally, while the class of the *Milam* action
26   presently differs due to the longer class period, the parties agree that the class period in *Milam* must be
     reduced to a period nearly identical to the *Nelson* action because of the release in the *McDowell* state
27   court settlement.  (*See* Mot. to Dismiss at 17–18; *see also* Opp'n re:Mot. to Dismiss at 7.)  Given the
     Court's decision in this order to stay the *Milam* action, the Court will not discuss or resolve the effect of
28   the *McDowell* settlement on the class period in the *Milam* action at this time.

1    When faced with duplicative actions, "the district court may exercise its
2    discretion to dismiss a duplicative later-filed action, to stay that action pending
3    resolution of the previously filed action, to enjoin the parties from proceeding with it,
4    or to consolidate both actions." *Adams*, 487 F.3d at 688.  This is essentially an
5    extension of the "first-to-file" rule that permits a district court to stay or dismiss a case
6    "if a similar case with substantially similar issues and parties was previously filed in
7    another district court." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237,
8    1239 (9th Cir. 2015).  The first-to-file rule isn't a rigid, mechanical rule but a tool that is
9    "applied with a view to the dictates of sound judicial administration." *Pacesetter Sys.,*
10   *Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).

11   Here, consolidation does not appear a proper course of action.  When
12   determining whether to consolidate an action, the Court weighs "the interest in
13   judicial convenience against the potential delay, confusion and prejudice caused by
14   consolidation." *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027,
15   1028 (N.D. Cal. 2003).  The parties to the *Nelson* action have been engaged in
16   discovery for six months at the time of this order and are rapidly approaching the class
17   certification motion deadline currently scheduled for January 15, 2025.  (*See* ECF Nos.
18   17, 28.)  The *Milam* action has not yet passed the pleading stage.  Consolidating these
19   actions would require that a new amended complaint be filed in the consolidated
20   action to unify Plaintiff Nelson and Plaintiff Milam's pleadings.  This would open up the
21   possibility of new motion practice based on that amended complaint and the need to
22   expand discovery based on the inclusion Plaintiff Milam as a named plaintiff and
23   representative of the putative class.  It would also mean that all future litigation would
24   be burdened by the need to coordinate with an additional party.  On the other side of
25   the scale, the benefits of consolidation to judicial convenience are minimal, especially
26   considering that the Court also has the option to dismiss or stay the *Milam*
27   proceedings instead.  Thus, consolidation is inappropriate for the present
28   ////

1  circumstances given the potential for delay and confusion and the limited judicial

2  convenience gained.

3       Dismissal of the *Milam* action also seems improper.  The *Milam* action's UCL

4  claim could theoretically provide an avenue for equitable relief if legal remedies are

5  ultimately determined to be unavailable.[2]  The *Nelson* action does not include UCL

6  claims.  Thus, if the Court were to dismiss the *Milam* action and the legal remedies

7  sought in the *Nelson* action were to fail, those UCL claims, if viable, would go untested

8  and unheard.  If instead the Court were to <u>stay</u> the *Milam* action and the legal claims in

9  the *Nelson* action were dismissed on the merits, Plaintiff Milam's UCL claim could still

10  be pursued to their conclusion.

11       Staying the newer action is an appropriate method for handing a duplicative

12  action.  *See Adams*, 487 F.3d at 688.  In determining whether a stay is appropriate,

13  courts consider the *CMAX* factors which cover the competing interests that must be

14  weighed in granting a stay.  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir.

15  2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  These include "[1]

16  the possible damage which may result from the granting of a stay, [2] the hardship or

17  inequity which a party may suffer in being required to go forward, and  [3] the orderly

18  course of justice measured in terms of the simplifying or complicating of issues, proof,

19  and questions of law which could be expected to result from a stay."  *Lockyer*, 398

20  F.3d at 1111.

21       The *CMAX* factors weigh clearly in favor of staying the *Milam* action.  *First*, the

22  damage that results from granting a stay are minimal to non-existent.  The *Nelson*

23  action will still be litigated, seek to resolve the same issues underling both cases, and

24  potentially provide release to the class if Plaintiff Nelson is ultimately successful.

---

26  [2] It seems that Plaintiff Milam's UCL claims are presently inadequately plead.  While this Court has ruled

27  that UCL claims can be plead in the alternative, *see Watson v. Crumbl LLC*, --- F. Supp. 3d ----, 2024 WL
3010880, at *4–5 (E.D. Cal. June 10, 2024), Plaintiff does not take even the minimal step of alleging that
he lacks an adequate legal remedy.  *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir.

28  2020).  However, given the Court's ultimate determination to stay the *Milam* action, the Court will defer
addressing this issue until after the stay of that action is ultimately lifted.

1    *Second*, if a stay were not imposed, Defendant would be forced to simultaneously

2    litigate two distinct actions brought on extremely similar claims.  This duplicate

3    litigation would cause clear hardship for Defendant.  *Third*, the orderly course of

4    justice is in favor of granting a stay.  Permitting near-identical actions to proceed

5    would be a wasteful use of the parties' and the Court's time and resources.  As

6    analyzed above, the alternative options of dismissal and consolidation both present

7    potential complications to the orderly course of justice.  By comparison, staying the

8    *Milam* action has the benefits of simplifying and streamlining this course of litigation

9    without the downside of dismissing potential claims without an opportunity to fully

10   litigate their merits.

11         The *CMAX* factors thus favor a stay of the *Milam* action while the *Nelson* action

12   is pending.  The Court will stay the *Milam* case until the *Nelson* action reaches a final

13   resolution.  Defendant's Motion to Dismiss the *Milam* action will be denied as will

14   Plaintiff Milam's Motion to Consolidate the *Milam* and *Nelson* actions.

15   **III.    Conclusions**

16         For the reasons stated above, IT IS HEREBY ORDERED, that:

17         1. Plaintiff Milam's Motion to Consolidate (*Nelson* ECF No. 23; *Milam* ECF No.

18            40) is DENIED.

19         2. Defendant's Motion to Dismiss or Stay (*Milam* ECF No. 36) is GRANTED IN

20            PART and DENIED IN PART as follows:

21               a.  Defendant's Motion to Dismiss is DENIED[3]; and

22               b.  Defendant's Motion to Stay is GRANTED.

23         3. *Milam v. Penske*, 2:24-cv-01944-DJC-CSK is STAYED pending the resolution

24            of *Nelson v. Penske*, 2:23-cv-02756-DJC-CSK.

25   *////*

26   _____

27   [3] As noted earlier, this order does not decide the adequacy of Plaintiff Milam's UCL claims and the
     effect of the *McDowell* settlement on the class period in the *Milam* action.  While the Court denies
     Defendant's Motion to Dismiss, this denial is without prejudice to the renewal of these arguments after

28   the stay of the *Milam* actin is lifted.

4. Within twenty-one (21) days of the Court entering a dispositive order in the *Nelson* action, the parties shall file a Joint Status Report in the *Milam* action.

IT IS SO ORDERED.

Dated:   **December 2, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – nelson23cv02756&milam24cv01944.consolidation